```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :      CRIMINAL ACTION
                               :
            v.                 :
                               :      NO. 09-441
ROBERT GORDON                  :
```

MEMORANDUM

Bartle, J.                                              July 28, 2020

The Court has before it the motion of defendant Robert Gordon for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

On October 10, 2008, the District Attorney of Philadelphia charged defendant with aggravated assault, in violation of 18 Pa. Cons. Stat. § 2702; possession of a firearm as a prohibited person, in violation of 18 Pa. Cons. Stat. § 6105; and discharge of a firearm into an occupied structure, in violation of 18 Pa. Cons. Stat. § 2707. On July 1, 2009, while these charges were pending in the Court of Common Pleas for Philadelphia County, a grand jury in the Eastern District of Pennsylvania returned a two-count federal indictment charging defendant with possession of a firearm following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On December 15, 2009, defendant pleaded guilty to the charges in the federal indictment before this Court and subsequently pleaded guilty to the state charges pursuant to a negotiated

guilty plea. With respect to the state charges, defendant was sentenced to five to ten years imprisonment "to run concurrently with sentence defendant may receive on any other currently open matter." Subsequently, this Court sentenced defendant to 188 months' imprisonment, followed by five years of supervised release. Defendant is currently serving his sentence at the Federal Correctional Institution in Schuylkill, Pennsylvania. It appears that at present time, his estimated release date is November 15, 2029.[1]

II

Defendant's motion for compassionate release relies on section 3582(c)(1)(A)(i) as recently amended by the First Step Act. It provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>  (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

---

[1] Defendant has a related civil matter pending before this Court. See Robert Gordon v. Scott Finley, No. 20-CV-0224. The resolution of said civil matter may impact defendant's estimated release date. However, that matter and the issues raised therein, are not relevant to this particular motion.

>   imprisonment (and may impose a term of
>   probation or supervised release with or
>   without conditions that does not exceed
>   the unserved portion of the original
>   term of imprisonment), after considering
>   the factors set forth in section 3553(a)
>   to the extent that they are applicable,
>   if it finds that—
>   > (i)  extraordinary and compelling
>   > reasons warrant such a reduction
>   > . . .
>
>   and that such reduction is consistent
>   with applicable policy statements issued
>   by the Sentencing Commission.

Defendant has exhausted his administrative remedies, and we turn first to the elements that a defendant must meet under section 3582(c)(1)(A)(i) to obtain a reduction in sentence.  It provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

>   The Commission, in promulgating general
>   policy statements regarding the sentencing
>   modification provisions in section
>   3582(c)(1)(A) of title 18, shall describe
>   what should be considered extraordinary and
>   compelling reasons for sentence reduction,
>   including the criteria to be applied and a
>   list of specific examples. Rehabilitation of
>   the defendant alone shall not be considered
>   an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is: (1) "suffering from a terminal illness" including among others "advanced dementia"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

III

Defendant asserts that his motion for compassionate release should be granted because: (1) he "was diagnosed with hypertension (BP), high cholesterol, and epilepsy"; (2) his older sister "has severe nerve damage in her back and legs" and needs help; (3) during his incarceration, he completed several nutritional, health, and vocational classes, as well as obtained his "flaggers" and "OSHA" licenses; and (4) he "pled out to 188 months" and has a "remainder of 9 years left on [his] sentence."

The Government opposes defendant's motion. It maintains that defendant has not stated appropriate reasons for compassionate release. The Government asserts that defendant

-4-

does not have any underlying health conditions that would make him eligible for compassionate release and that he merely "presents a concern only based on the risk of acquiring COVID-19 in the prison environment." According to the Government, defendant also fails to carry his burden for reduction of sentence because good behavior and family circumstances are not a basis for relief and do not meet the "circumstances identified the [sentencing] guideline[s]."

The Government disputes defendant's characterization that his medical conditions are as serious as he claims. It maintains that the defendant's medical conditions are "well controlled with treatment in BOP custody" and based on a review of the defendant's medical records, he does not present any conditions that would place him at a higher risk for severe illness from COVID-19. The Government notes that defendant "is not eligible for compassionate release because he has not pointed to any condition that he currently has that is on the CDC's list of certain high-risk conditions." According to the Government, defendant is "fully ambulatory and engages in all normal activities of daily living."

Defendant's BOP medical records establish that he is currently 44 years old with "essential (primary) hypertension" and high cholesterol. With respect to defendant's epilepsy, the medical records include a notation from January 2019 as to

seizures, which states: "none for last 5 years or longer." Defendant has been prescribed medicine for his blood pressure and his cholesterol and "reports taking Rx consistently." There is no evidence that defendant ever sought or received treatment while incarcerated for any serious episode related to his stated medical conditions.

The Court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for the defendant and all others in prison. However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease. See United States v. Roeder, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020). The Bureau of Prisons, including FCI Schuylkill, has in place protocols to deal with this disease, and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates, which it is following.

Based on the current record, defendant has not established that his high blood pressure, cholesterol, and epilepsy constitute serious medical conditions as defined in the Sentencing Guidelines. The serious medical condition under the Sentencing Guidelines must be an impairment which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which

he or she is not expected to recover." Defendant clearly does not meet this requirement.

Even if he has the requisite serious medical condition, the Court's analysis does not end here. Section 3582(c)(1)(A) requires the Court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before the Court may reduce his sentence. These factors include the need to: "reflect the nature and circumstances of the offense and the history and characteristics of the defendant"; "reflect the seriousness of the offense"; "promote respect of the law"; and "afford adequate deterrence to criminal conduct."

In this regard, the Court cannot ignore the seriousness of defendant's violent crimes. Defendant's federal and state convictions stem from an incident in which he opened fire with a Smith & Wesson 9-millimeter handgun towards six individuals on a porch in the 5700 block of Belmar Terrace in Philadelphia. Defendant fled the scene but was identified by an eyewitness. The following day, when police approached defendant on the street, he fled again, leading to a pursuit that ended in his arrest. Before his arrest, defendant had eight prior convictions, several of which were for drug offenses and assault. These crimes are of a serious nature and underscore the danger defendant poses to the community. Defendant has not provided any evidence to suggest otherwise. Releasing defendant

now would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct.  <u>See</u> section 3553(a).

      The Court, taking all the relevant facts into account, finds that Robert Gordon has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release.  Accordingly, the Court will deny the motion of defendant for compassionate release under 18 U.S.C. § 3582(c)(1)(A).